# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3394 | **DATE** | 1/29/2004 |
| **CASE TITLE** | Carino vs. B&M Auto Collisions Center et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** B&M's motion (Doc 7-1) for summary judgment as to the FLSA claims is granted. The court dismisses the remaining state law claim for lack of subject matter jurisdiction. Ruling set for February 5, 2004 is stricken as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | number of notices | |
| | No notices required. | | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JAN 30 2004 date docketed | |
| ✓ | Docketing to mail notices. | | 25 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | JAN 30 2004 date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

OSCAR CARINO, on behalf of himself and all )
other plaintiffs similarly situated, known and )
unknown, )
)
)
                    Plaintiff, )
)
vs. )   03 C 3394
)
B&M AUTO COLLISIONS CENTER, NISHA )
AUTO CENTER, and BOB TRIYKO, )
individually, )
)
                    Defendants. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the motion of Defendants B&M Collisions Center, Nisha Auto Center, and Bob Trytko[1] (collectively referred to herein as "B&M") for summary judgment. For the reasons set forth below, the motion is granted.

## BACKGROUND

Plaintiff Oscar Carino is a former employee of B&M. In 2002, the Department of Labor audited B&M. The audit determined that B&M owed back wages to its

---

[1] Although the complaint refers to this individual as Bob Triyko, it is clear from the parties' submissions that his last name is Trytko. We refer to him as such throughout this opinion.

employees, including Carino, for unpaid overtime work. The Department and B&M agreed to a settlement, which in relevant part required B&M to pay specified amounts to named employees. B&M was also required to submit Department-issued form receipts (Form WH-58) signed by the employees as evidence that payments had been made.

On November 15, 2002, Monika Trytko, an officer of B&M and wife of Defendant Bob Trytko, called Carino into the office area of B&M. Because Carino, a citizen of Mexico, does not read or write English, also in attendance was an employee fluent in both English and Spanish. Mrs. Trytko showed Carino a check for $1779.77 made payable to him and told him, through the translating employee, that the check was for an amount of money that the Department of Labor had awarded him. She also told him that he had to sign a document in order to receive the check. Carino signed the document, which was the WH-58 that had been prepared for him. Above the signature block, the form stated the following:

> 1 NOTICE TO EMPLOYEE UNDER THE FAIR LABOR STANDARDS ACT - Your acceptance of backwages due under the Fair Labor Standards Act means that you have given up any right you may have to bring suit for such back wages under Section 16(b) of that Act. Section 16(b) provides that an employee may bring suit on his/her own behalf for unpaid minimum wages and/or overtime compensation and an equal amount as liquidated damages, plus attorney's fees and court costs . . . . Do not sign this receipt unless you have actually received payment of the backwages due.

Carino took the check and cashed it four days later.[2]

On May 22, 2003, Carino filed the instant suit against B&M for overtime pay and liquidated damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., as well as a state-law cause of action for the same acts. B&M now moves for summary judgment of the FLSA claims.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548 (1986). The burden then shifts to the nonmoving party to show through specific

---

[2] Curiously, B&M admits in paragraph 5 of its response to Carino's 56.1(b)(3)(B) statement of additional facts that, after Carino received his check, Mr. Trytko told him that he was expected to cash it and return the cash to Mr. Trytko. Over the next few days, he repeated this demand several times. According to the complaint, as well as the implication of B&M's submissions on this motion, Carino ignored him and kept the money he had been given. This information appears in the complaint in conjunction with allegations that Carino was fired for refusing to "refund" his DOL award to his employer in cash, which presumably would allow B&M to report payments to the Department without actually having to ultimately part with any of the funds. Just as curiously, the complaint does not contain a claim for damages related to this alleged retaliation. Consequently, we do not consider the possible consequences to B&M of this admission. See Marshall v. Quik-Trip Corp., 672 F.2d 801, 806 (10th Cir. 1982).

evidence that a triable issue of fact remains on issues on which the nonmovant bears the burden of proof at trial. Id. The nonmovant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; it must go beyond the pleadings and support its contentions with proper documentary evidence. Id. The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. Bay v. Cassens Transport Co., 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Insolia v. Philip Morris, Inc., 216 F.3d 596, 599 (7th Cir. 2000); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). With these principles in mind, we consider the instant motion.

## DISCUSSION

B&M contends that it is entitled to summary judgment because Carino waived any right to assert the FLSA counts of his complaint, as evidenced by his signing the WH-58 receipt and cashing the check he received. It relies on Section 16(c) of the FLSA, which states that:

> The Secretary is authorized to supervise the payment of . . . unpaid overtime compensation owing to any employee or employees under [29 U.S.C. §§ 206, 207], and the agreement of any employee to accept such payment shall upon payment in full constitute a waiver by such employee of any right he may have under [29 U.S.C. § 216(b)] to such unpaid

> minimum wages or unpaid overtime compensation and an additional
> equal amount as liquidated damages.

29 U.S.C. § 216(c). According to B&M, all of the requirements of this statutory section are met in this case, and Carino correspondingly cannot seek the relief for unpaid overtime under the FLSA for the time period covered by the settlement between B&M and the Department. Carino does not dispute that the Department conducted an audit of B&M or that those parties reached a settlement regarding the unpaid overtime wages revealed by the audit. Nor does Carino dispute that the Department prepared the WH-58 form receipt that he signed, specifically the amount of money he was to receive. Nor does he contend that he did not sign the receipt. Nor does he argue that he did not receive the check that he later cashed.

Rather than disputing these facts, Carino offers two arguments in opposition to summary judgment: 1) the Department did not properly supervise the payment of compensation in this case; and 2) he could not knowingly and voluntarily waive his rights by signing the receipt because he could not read the English in which it was written, and Mrs. Trytko did not inform him of the legal consequences of his signature. Neither of these arguments warrants denial of the instant motion.

Carino's first argument in essence is that because Department employees were not present when checks were issued and receipts signed, the payment of overtime

compensation in this case was not "supervised" for purposes of § 216(c). Nothing in the language of § 216(c) or the case law of this circuit interpreting it requires that Department employees be physically present for every stage of the effectuation of the settlement terms. Walton v. United Consumers Club, Inc., 786 F.2d 303, 306 (7th Cir. 1986); Cuevas v. Monroe Street City Club, 752 F. Supp. 1405, 1415-16 (N.D. Ill. 1990). Indeed, the settlement in this case specifically provided that B&M would pay the amounts due directly to employees and supply signed WH-58 receipt forms to the Department after the fact. To accept Carino's argument that Department employees must personally administer the payment process would directly contradict the express terms of the Department's settlement, which undermines their supervision of the settlement rather than ensuring it. Accordingly, this argument is not sufficient to create an issue of fact that would require denial of the instant motion.

Carino's second argument is similarly bootless. In their briefs, the parties focus on the question of whether the FLSA requires a waiver to be knowing and voluntary. However, we need not reach that issue. Carino insists that his waiver is ineffectual because his English illiteracy prevented him from reading and understanding its terms. It is axiomatic that a party cannot escape the legal ramifications of a signature by professing ignorance of the document signed, even if that ignorance is caused by an inability to read the language in which the document is written. See Paper Express Ltd.

v. Pfankuch Maschinen GmbH, 972 F.2d 753, 757 (7th Cir. 1992); Proin SA v. LaSalle Bank, 223 F. Supp. 2d 960, 964-65 (N.D. Ill. 2002). Neither can Carino depend on his related point, that he relied on Mrs. Trytko to explain the nature of the document to him. In circumstances such as these, when a party is asked to sign a document, it is incumbent upon that party to learn before signing what the document says. See Maksym v. Loesch, 937 F.2d 1237, 1243 (7th Cir. 1991); see also Paper Express, 972 F.2d at 757. Although a translator was present when Carino signed the receipt, he did not ask her what the document said, nor did he express any intention to find a third party to look over the document and explain to him what it said. Carino has presented no cognizable argument why he should not be bound by the terms of the document that he undisputedly signed. Summary judgment of the FLSA counts is appropriate.

Although B&M has shown it is entitled to summary judgment on the FLSA claims, neither party has addressed the remaining state-law claim or the effect of a decision as to the FLSA counts upon it. However, as the parties are not of diverse citizenship, it is clear that our jurisdiction over the Illinois claim is supplemental only. In light of our judgment regarding the federal claims, we decline to continue to exercise jurisdiction over the state claim, and it is dismissed. 28 U.S.C. § 1367(c).

## CONCLUSION

Based on the foregoing analysis, B&M's motion for summary judgment as to the FLSA claims is granted. The court dismisses the remaining state law claim for lack of subject matter jurisdiction.

Charles P. Kocoras
Charles P. Kocoras
Chief Judge
United States District Court

Dated: JAN 2 9 2004